IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

           Plaintiff,

Vs.                                                      No.  06-40073-01-SAC

GUADALUPE RIOS-PINELA,

           Defendant.

MEMORANDUM AND ORDER

      The case comes before the court on the sentencing of the defendant following his entry of a guilty plea to count two–possession with intent to distribute cocaine.  The presentence report ("PSR") recommends a guideline sentencing range of 151 to 188 months from a criminal history category of two and a total offense level of 33 (base offense level of 36 pursuant to U.S.S.G. § 2D1.1(c)(2) less three levels for acceptance of responsibility).  The PSR addendum reveals three unresolved objections, and the defendant has filed two sentencing memoranda in support of them. (Dks. 74 and 75).  The government has filed its response under seal.  (Dk. 76).

**Defendant's Objection No. 1**:  The defendant generally objects to the PSR's finding on the amount of drugs for which he is being held

accountable in the calculation of his mandatory minimum sentence and his base offense level under the sentencing guidelines.  The PSR relies on the drug quantity charged in the indictment which corresponds to the amount of drugs actually found and seized from the truck that the defendant was driving.  This same quantity of drugs seized from the truck was part of the factual basis found in the parties' plea agreement.  Instead of pleading guilty to the amount of drugs charged in the indictment, the defendant understands his plea to have preserved his right to object to the drug quantity charged in the indictment and to cause the sentencing court to determine this quantity from the evidence introduced at the sentencing hearing.

    **Ruling**: "In a controlled substances case, a defendant is 'accountable for all quantities of contraband with which he was directly involved and, in the case of a jointly undertaken criminal activity, all reasonably foreseeable quantities of contraband that were within the scope of the criminal activity that he jointly undertook.'" *United States v. Lauder*, 409 F.3d 1254, 1267 (10th Cir. 2005) (quoting U.S.S.G. § 1B1.3, comment. (n.2)); *see also United States v. Dazey*, 403 F.3d 1147, 1176 (10th Cir. 2005) ("A defendant convicted of conspiracy is accountable for reasonably

foreseeable conduct in furtherance of the jointly undertaken criminal activity.")  "When a defendant objects to a fact in a presentence report, the government must prove that fact at a sentencing hearing by a preponderance of the evidence." *United States v. Shinault*, 147 F.3d 1266, 1278 (10th Cir.) (citation omitted), *cert. denied*, 525 U.S. 988 (1998). Evidence relied upon in proof of a sentencing fact "must possess a minimum indicia of reliability." *United States v. Cruz Camacho*, 137 F.3d 1220, 1225 (10th Cir. 1998).  "The Government has the burden of proving the quantity of drugs by a preponderance of the evidence." *United States v. Gigley*, 213 F.3d 509, 518 (10th Cir. 2000).

As part of the written plea agreement, the defendant agreed to a factual basis that included the following finding:  "Subsequently, a certified forensic chemist determined that this load was 69.02 kilograms of 85% pure cocaine, a Schedule II controlled substance."  He also agreed that the sentencing court would find by a preponderance of the evidence the facts used to determine base offense level from any reliable evidence, including hearsay.  The parties further agreed to request a sentence within the guideline range determined appropriate by the Probation Department. The written agreement, however, expressly contemplated that the

defendant would present evidence at the sentencing hearing in proof of a smaller amount of cocaine for determining his base offense level and mandatory minimum sentence.

The facts, both as stipulated in the plea agreement and as appearing in the PSR without objection, provide a preponderance of evidence from which to find that the defendant should be held accountable for 69.02 kilograms of cocaine having a purity of 85%. It is uncontested that this quantity of cocaine was found on the truck which the defendant was driving just before the traffic stop. The defendant was an owner of the trucking company under which the truck was being operated. Despite these uncontested facts and the reasonable inferences flowing from them, the court will reserve its ruling on this objection until it has heard the evidence and arguments offered at the sentencing hearing.

**Defendant's Objection No. 2**: The defendant objects to the PSR's failure to recommend a reduction for role in the offense. The defendant advocates granting a minimal role adjustment from his proffer that his co-defendant passenger was the nephew of the co-owner of the trucking company and that the co-owner had contracted for the transportation of the trailer which the defendant was driving when he was stopped.

Ruling:  The general law governing mitigating role reductions is well established:

> The mitigating role adjustment in U.S.S.G. § 3B1.2 "provides a range of adjustments for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant."  U.S.S.G. § 3B1.2 , comment. (n.3(A)).  The determination whether a defendant is entitled to such a reduction is "heavily dependent upon the facts of the particular case."  U.S.S.G. § 3B1.2 , comment. (n.3(C)).  A role reduction is not earned simply because a defendant is "the least culpable among several participants in a jointly undertaken criminal enterprise."  *United States v. Lockhart*, 37 F.3d 1451, 1455 (10th Cir. 1994) (citing *United States v. Caruth*, 930 F.2d 811, 815 (10th Cir. 1991)).  In evaluating culpability, a court compares the "defendant's conduct with that of others in the same enterprise, but also with the conduct of an average participant in that type of crime."  *United States v. Caruth*, 930 F.2d at 815.  To weigh relative culpability, "evidence must exist of other participants and their role in the criminal activity."  *United States v. Sukiz-Grado*, 22 F.3d 1006, 1009 (10th Cir.1994) (internal quotation marks omitted).  In short, a role reduction is appropriate when the defendant is "substantially less culpable" than an average participant and is not required just because multiple participants with differing levels of culpability are involved.

*United States v. Vargas-Islas*, 437 F. Supp. 2d 1180, 1181-82 (D. Kan. 2006).

A minimal role adjustment is limited to those defendants "who are plainly among the least culpable of those involved in the conduct of the group."  U.S.S.G. § 3B1.2 comment. (n. 4).  Indicative of a minimal role is a defendant's "lack of knowledge or understanding of the scope and structure

5

of the enterprise and of the activities of others." U.S.S.G. § 3B1.2, comment. (n.4). The commentary also suggests that this downward adjustment should be used infrequently. *Id*. A minor participant "is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2, comment. (n.5). The determination of a defendant's role in the offense is a factual question. *See United States v. James*, 157 F.3d 1218, 1219 (10th Cir. 1998). The defendant has the burden of proving by a preponderance of the evidence that he is entitled to the § 3B1.2 reduction. *See United States v. Onheiber*, 173 F.3d 1254, 1258 (10th Cir. 1999).

As part of the plea agreement, the government agreed "[t]o not oppose that defendant's base offense level be reduced two (2) levels for his role in the offense, pursuant to U.S.S.G. § 3B1.2." The proffer appearing in the defendant's sentencing memoranda is not sufficient proof that the defendant's level of culpability is consistent with a four-level minimal participant role reduction. Based on the government's agreement and the defendant's proffer, the court will grant the defendant a two-level minor role reduction. This ruling results in a five-level reduction (three levels pursuant to U.S.S.G. § 2D1.1(a)(3)(ii) and two levels pursuant to

U.S.S.G. § 3B1.2(b)) for a total offense level of 28.  The defendant's guideline sentencing range is 120 months if the mandatory minimum remains applicable after the sentencing hearing and is 87 to 108 months without the mandatory minimum.

**Defendant's Objection No. 3**:  The defendant personally provided the PSR writer with a handwritten letter asking that this conviction not result in the loss of his commercial driver's license.

   **Ruling**:  The defendant's request does not concern any sentencing matter to be decided by this court.  The court determines that a ruling on this objection is unnecessary pursuant to Fed. R. Crim. P. 32(i)(3)(B).

   IT IS THEREFORE ORDERED that the defendant's first objection is taken under advisement, that his second objection is granted for a minor role reduction, and that his third objection need not be determined.

   Dated this 10th day of April, 2007, Topeka, Kansas.

   s/ Sam A. Crow
   Sam A. Crow, U.S. District Senior Judge